## ANGELO GRANDE *vs.* THE EAGLE BREWING CO.

### JULY 3, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Intoxicating Liquors.   Liquidated Damages.   Penalty.*

Defendant a wholesale liquor dealer entered into a contract with plaintiff to purchase a retail liquor saloon and a liquor license granted to X. for $4,000; one hundred dollars to be paid on the execution of the agreement and four hundred dollars at the time the license was transferred to plaintiff and the balance on mortgage.   Plaintiff paid the $100 entered into possession of the saloon and conducted the business for some months.   Defendant applied for a transfer of the license standing in the name of X. to plaintiff and the licensing board voted to transfer it but plaintiff never signed the bond and the license was never transferred.   During the time plaintiff ran the saloon he purchased his liquors from defendant and after abandoning the business brought suit against defendent under Gen. Laws Cap. 123, § 60, to recover the money paid defendant for the liquors.   The contract between the parties provided that in case plaintiff refused to wholly perform, the money paid by him to defendant on account of the purchase price "shall be retained as liquidated damages."—

*Held,* that defendant could not urge in set-off the $400 payment due when the license was transferred, even if such contention was proper, since under the agreement defendant's damages were liquidated.

*Held,* further, that plaintiff never became a licensed dealer.

*Held,* further, that in this form of action plaintiff was not seeking to recover a penalty, but his right of action arose at the time he paid the money, not under the statute but at common law to recover back the money because it was received without consideration.

*Held,* further, that as plaintiff was not seeking to recover a penalty it was unimportant whether Pub. Laws, 1922, cap. 2231, or the so-called Volstead Act (both passed after the rights of the parties became fixed) repealed any of the provisions of cap. 123, but assuming they did, the repeal did not take away the common law action to recover money paid without consideration and further such repeal could not supply a consideration where none existed or render criminal an act of the plaintiff which was not prohibited when done.

ASSUMPSIT.   Heard on exceptions of defendant and overruled.

RATHBUN, J.   This is an action in assumpsit to recover money paid by the plaintiff to the defendant for intoxicating liquors sold by the defendant, who at the time held a wholesale and retail liquor license, to the plaintiff, an un-

licensed dealer in intoxicating liquors, for resale.  The justice presiding at the trial in the Superior Court directed a verdict for the plaintiff for $901.19.  The case is before this court on the defendant's exception to the direction of a verdict.

The defendant was a holder of a wholesale and retail liquor license granted in accordance with the provisions of Chapter 123, Gen. Laws, 1909.  It is alleged that the defendant in selling said liquors violated the provisions of Section 7 of said chapter, which section is as follows:  "No person holding a license under the provisions of this chapter shall sell any of the liquors enumerated in this chapter to any unlicensed dealer in intoxicating liquors, nor to any owner or keeper of any house of ill-fame, having reason to believe that the same are to be resold; and every person holding a license found guilty of violating the provisions of this section shall be fined one hundred dollars and imprisoned thirty days, and shall thereby be disqualified for holding a license of any kind under the provisions of this chapter for a period of five years."  Section 60 of said chapter provides as follows:  "All payments or compensation for liquors sold in violation of law, whether in money, labor or personal property, shall be held and considered, as between the parties to such sale, to have been received in violation of law, without consideration and against equity and good conscience."

The parties agreed as to the amount of money which the plaintiff had paid the defendant in compensation for intoxicating liquors.  The defendant knew that the plaintiff was an unlicensed dealer and that the liquors were purchased for the purpose of resale in violation of law.  On December 20, 1916, the parties entered into a contract whereby the defendant agreed to sell and the plaintiff agreed to buy a retail liquor saloon, located at No. 257 Wickenden street in the city of Providence, including the personal property located in said saloon and a retail liquor license granted to one Frank R. Macfarlane, for the sum of four thousand dollars, to be paid as follows:  "ONE HUN-

DRED (100) DOLLARS on the signing of these presents, FOUR HUNDRED (400) DOLLARS at the time the license is transferred to said party of the second part and the said party of the second part will give to the party of the first part a personal property mortgage upon the saloon, contents and present and future licenses, said mortgage to be for the sum of THIRTY FIVE HUNDRED (3500) DOLLARS, without interest." Upon the signing of the contract the plaintiff paid one hundred dollars to the defendant as required by the terms of the agreement, entered into possession of said saloon and for several months thereafter conducted therein a retail liquor business. The defendant applied to the Board of Police Commissioners for a transfer of said license to the plaintiff. On February 6, 1917, said board voted to transfer said license to the plaintiff but the plaintiff never signed the bond required by statute or had his sureties approved by said board and the license was never transferred. The plaintiff conducted said saloon from December 20, 1916, to May 17, 1917, when he abandoned the saloon without completing his said contract with the defendant. During the time the plaintiff was in possession of the saloon he purchased from the defendant the liquors which he sold in the saloon. The monies which he paid to the defendant for said liquors he is attempting by this suit to recover.

The defendant pleaded the general issue and also in set-off and contends as follows: 1. That the defendant is entitled to a set-off to the extent of four hundred dollars, the amount which by the terms of said agreement was to become due the defendant from the plaintiff when the license should be transferred. 2. That after February 6, 1917, the date on which said board voted to transfer said license to the plaintiff, the plaintiff was not an unlicensed dealer and that the plaintiff can not recover any sums of money which he paid to the defendant for liquors after said date. 3. That the plaintiff is asking to recover a penalty imposed by said Section 60 for the violation of the provisions of Section 7 of said chapter; that an act of Congress, known as the Vol-

stead act, by implication and Chapter 2231 of the Public Laws of 1922, in express terms has repealed said Sections 7 and 60 and thereby deprived the plaintiff of any right which he may have had to maintain this action.

The defendant argues that inasmuch as it did all things which the defendant was required by the terms of said contract to do and that the plaintiff prevented the transfer of said license by his neglect and refusal to produce his sureties for approval and to file the bond required by statute as a condition precedent to the transferring of said license, the plaintiff should not be permitted to take advantage of his own wrong by urging that because the license has not been transferred the four hundred dollar payment provided for in said contract has not become due. The contention would not appear to be entirely without merit were it not for the fact that the parties by the terms of said contract stipulated what the liquidated damages should be in the event of a failure on the part of the plaintiff to complete the agreement. Said contract contained a clause as follows: "In case said Angelo Grande refuses to wholly perform this agreement, except for reasons aforesaid, said money paid on account of the purchase price shall be retained by said Eagle Brewing Company as liquidated damages."

The rule is stated in 8 R. C. L. § 127, at p. 578, as follows: "If a provision is construed to be one for liquidated damages, the amount named forms, in general, the measure of damages in case of a breach, and the recovery must be for that amount. No other or greater damages can be awarded, even though the actual loss may be greater or less."

Did the plaintiff on February 6, 1921, become a licensed dealer by virtue of the vote of said board to transfer said license to him? This question must be answered in the negative. The plaintiff did not file a bond as required by statute. No license was issued to him and no license could have been issued to him before he filed a bond. Section 2 of said chapter contains a provision as follows: "Before any license shall be issued under the provisions of this

chapter, the person applying therefore shall give bond to the city or town treasurer in the penal sum of one thousand dollars, with at least two sureties satisfactory to said council or board." The vote of said board would have been no protection to him had he been prosecuted for selling intoxicating liquors. 23 Cyc. 120. See *State* v. *Conley*, 22 R. I. 403.

We are of the opinion that the plaintiff is not seeking to recover, as the defendant contends, a penalty provided in Section 60 of said Chapter 123 and it is therefore unimportant whether said Chapter 2231 or said Volstead act (both of which were passed after the rights of the parties to this action became fixed) repealed any of the provisions of said Chapter 123. Said Section 60 provided that: "All payments or compensation for liquors sold in violation of law, whether in money, labor or personal property, shall be held and considered, as between the parties to such sale, to have been received in violation of law without consideration and against equity and good conscience."

It was suggested that if said Section 60 has been repealed the parties are now *in pari delicto*. The plaintiff after the purchase of liquors from the defendant may have violated the provisions of said chapter by selling and keeping said liquors for sale but the parties were not *in pari delicto* in making the sale and purchase of the said liquors. It was unlawful for the defendant to sell but the statute did not forbid the plaintiff to buy. A repeal of the statute could not either supply a consideration where none existed or render criminal an act of the plaintiff which was not prohibited when done. The plaintiff paid money to the defendant which was received without consideration. The plaintiff at the time he paid the money had an action, not under the statute but at common law, to recover back the money because it was received without consideration. *McGuinness* v. *Bligh*, 11 R. I. 94; *Gorman* v. *Keough*, 22 R. I. 47.

Although the legislature in passing said Section 60 recognized the existence of the common law right to recover back

money which had been paid without consideration, said section gave no new right of action but simply declared that money paid for liquors to be sold in violation of law is received without consideration. Assuming that said sections are repealed, the repeal did not take away the common law action to recover money paid without consideration. The plaintiff does not need the statute except for the purpose of determining what his rights were when he paid the money. See *Coggeshall* v. *Groves*, 16 R. I. 18. *Peters* v. *Goulden*, 27 Mich. 171.

The defendant's exception is overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict as directed by the court.

*John L. Curran*, for plaintiff.

*McGovern & Slattery*, for defendant.

